And we will turn to our second case for the morning. Environmental Protection Information Center v. van Atta. Good morning, Your Honors. May it please the Court. I'm Pete Frost. I represent the appellants, Friends of the Shasta River, and the Environmental Protection Information Center. I want to address in the short time that I have the threshold issue of this Court's jurisdiction. This Court ordered the parties to address two separate issues as to jurisdiction. The first is whether my clients continue to be aggrieved by the District Court's orders below. And the second is whether the remand rule precludes this appeal because it is not final. In our opening brief, we sought to establish that both standing and finality exist for this appeal. Part of our argument is that the take permits issued by the National Marine Fisheries Service have remained in effect despite the fact that we obtained a declaratory judgment from the District Court and a remand for reconsideration of certain environmental documents. But what has been resolved over the course of the briefing in this case and proven most recently in the government's 28-J letter to the Court is about essentially the scope or effect of the District Court's amended judgment as to our clients' interests. In its answering brief, the government notes that the amended judgment extends take immunity to the enumerated categories of activities in the 59E order in the amended judgment, and there are 10 of them. They are largely either neutral to or beneficial to the wild coho that inhabit the Shasta River and that are protected under the Endangered Species Act. And I think its 28-J letter proves that point. For the first time, we saw documentation from the agency extending out to one of the permittees, the Parks Creek Ranch, transferred title to the Nature Conservancy, and one clause of that permit states the same thing about, you know, what does it play in terms of the take immunity after the amended judgment. So based upon the party's briefing and the evidence that the government has filed, we agree with the government as to the meaning of the amended judgment and that it cabins the existing take permits. And so for this Court's resolution, that addresses, it seems to me, the jurisdictional query about whether our clients continue to be aggrieved by the amended judgment, because they're not. These activities that we sought the Court's imprimatur on, in fact, are either neutral to or may benefit coho in the term before the remand plays out and the agency prepares a new environmental impact statement and a new biological opinion. And so I think the Court ought to adopt the party's agreement as to the meaning of the do not have appellate standing to pursue this appeal. Do you want to address the remand issue, the other issue that we... I think it's a closer question, Judge Forrest, the remand issue. As the Court is aware, there are practical considerations that are at play in that respect. We have cited the Sierra Forest legacy case as the one closest to ours in relationship to finding finality. In that case, the appellants had prevailed in the district court as well, but like this case, that district court had left in place the underlying agency decisions pending the remand, and that's what's happened here as well. And so I think Sierra Forest dictates that the remand rule doesn't apply, but the alternate Well, I have a question about that that may be purely academic at this point in light of your argument. But on the remand question, the part of the test that it seems you have the struggle with is the third part, which is whether, as a practical matter, the challenge that you're trying to raise is appealable or not after the remand. And it seemed to me that on remand, your clients can actively participate in the new proceedings with the agency, can actively participate in the continued litigation. And so how would element three of that test be satisfied? I think there's one way to look at that factor is in the temporal context. These permits and the underlying documents were issued in June of 2020, and we're now in February of 2025. The remand period extends out through December of 2026. If we are going back on the same issue again to the same judge, it is highly likely that the same judge is going to rule in the same way on the segregable legal issue that presented to this court. That's going to play out in another two-year period. We'd be back here in basically a decade since the original decisions that we contend are unlawful remain in place. So I think if the court is looking at this question from a practical consideration, I think it's a fait accompli what will happen next on remand. And it has been such a long time since these permits have been in place based on what we consider to be an erroneous legal basis. I think it's appropriate for the court to issue that. And if I may, one last thing on this, and I could do this by 28-J if it would interest you, Your Honor. Scoping has begun on the new environmental impact statement, and the contractor hired by the government has come out, and the predicate for the new EIS is implementation of the Safe Harbor Agreement. That's just like Sierra Forest Legacy, where there had been a draft EIS out by that agency forecasting exactly what the result would be after the remand. So I think that fact even more closely hues this case to the Sierra Forest Legacy precedent. All right. Any other questions? I'd like to reserve the few minutes I have for rebuttal, please. Thank you. Thank you. May it please the Court. Amelia Yowell on behalf of Federal Appellees. As my friend has just conceded, plaintiffs are not aggrieved by the judgment, and this Court thus lacks appellate jurisdiction. Based on that concession, I don't believe that I need to address any other issues in the case, and I'm happy to rely on my briefs. But if the Court has questions, I'm also happy to answer those. Thank you very much. Thank you. There doesn't seem to be much to rebut. I will not stand when I shouldn't. Okay. All right. I thank counsel's argument and candor to the Court in this case. The matter of Environmental Protection Information Center v. Van Atta is submitted for decision, and we are in recess.
judges: FORREST, SANCHEZ, Ezra